# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

|  |  |
|---|---|
| ORIENTAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2017-0032 |
| | ) |
| REBECCA ROBIN BUTINA a/k/a | ) |
| REBECCA BUTINA and | ) |
| MARIENHOJ HILLS HOMEOWNERS | ) |
| ASSOCIATION, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Attorneys:**
**Johanna Harrington, Esq.,**
Brooksville, FL
   *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Default and Summary Judgment" (Dkt. No. 32) filed by Bank of Nova Scotia, predecessor-in-interest to Plaintiff Oriental Bank ("Plaintiff")[1] against Defendant Rebecca Robin Butina a/k/a Rebecca Butina ("Butina") and the Marienhoj Hills Homeowners Association, Inc. ("MHHA"). For the reasons discussed below, the Court will grant Plaintiff's Motion.

---

[1] Bank of Nova Scotia assigned its full interest in the Note and Mortgage to Oriental Bank in July 2021 and Oriental Bank was substituted as Plaintiff by Court Order entered on October 8, 2021. (Dkt. Nos. 33 at 1; 34). Due to the coextensive nature of the Bank of Nova Scotia's and Oriental Bank's interests, they will be referred to collectively herein as "Plaintiff."

I.  BACKGROUND

On June 15, 2017, Plaintiff filed a Complaint against Defendants alleging causes of action for debt and foreclosure of a mortgage on real property. (Dkt. No. 1 at ¶¶ 7-16). Plaintiff alleges that Butina, through her attorney-in-fact, executed a Note on April 29, 2010, in which she promised to pay Plaintiff the principal amount of $120,000.00, together with interest at the rate of 5.50% per annum, in equal monthly payments of $681.35 beginning on June 1, 2010. (*Id.* at ¶¶ 7-8; Dkt. No. 1-2). The Note was secured by a Mortgage in favor of Plaintiff that was executed by Butina's attorney-in-fact on the same day. The Mortgage placed a lien on real property described as:

> Plot No. 47 of Estate Marienhoj, Eastend Quarter "A," St. Croix, U.S. Virgin Islands, consisting of 1.5227 U.S. acres, more or less, as more fully shown on OLG Drawing No. 4431 dated July 26, 1988, and revised January 17, 1989

("Property"). (Dkt. Nos. 1 at ¶ 9; 1-3 at 2). The Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Croix on April 29, 2010. (Dkt. Nos. 1 at ¶ 9; 1-3 at 11).

Plaintiff further alleges that, beginning on October 1, 2016, Butina defaulted under the terms of the Note and Mortgage by failing to pay monthly installments of principal and interest as they became due, and that Plaintiff gave Butina notice of the default. (Dkt. Nos. 1 at ¶¶ 10-11; 1-4). Plaintiff further asserts that pursuant to the terms of the Note, it elected to declare the entire unpaid principal sum with all accrued interests and late charges due and immediately payable. (Dkt. No. 1 at ¶ 13). Plaintiff also alleges that Defendant MHHA had obtained a lien against the Property and Butina on January 23, 2017, and recorded the same on January 25, 2017. (Dkt. Nos. 1 at ¶ 16; 1-5).

Plaintiff alleges that Butina owes it the unpaid principal balance of $101,679.50; unpaid interest accrued; and reimbursement of any advances, expenses, fees, costs and late charges accrued before and during this action. (Dkt. No. 1 at ¶ 14). Plaintiff requests that the Court: find

that the Mortgage is valid; determine the priority of liens; foreclose Plaintiff's lien against the Property; and direct that the Property be sold to satisfy Butina's debt to Plaintiff. In addition, Plaintiff requests an award for its attorneys' fees and costs in obtaining judgment, together with any costs incurred in protecting its rights in the Property. *Id.* at 3-4.

Butina was served by publication in February 2018 and the Clerk entered default against her in June 2018. (Dkt. Nos. 27-29). She has neither answered the Complaint nor appeared in this action. Defendant MHHA filed a *pro se* Answer to the Complaint. (Dkt. No. 5).[2] Thereafter, Plaintiff filed the instant Motion for Default and Summary Judgment (Dkt. No. 32); an Affidavit of Indebtedness (Dkt. No. 32-5); and a "Declaration of Counsel" addressing Butina's age, competency, and military status. (Dkt. No. 32-7).

Plaintiff argues that the procedural elements for a default judgment against Butina have been satisfied because: Butina was properly served with the Complaint; the Clerk entered default against her; and she is not an infant or incompetent person, nor is she in the military service. (Dkt. No. 32 at 6-8). Plaintiff also contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that Butina—through her attorney-in-fact—executed the Note and the Mortgage; Plaintiff has possession of the

---

[2] The *pro se* answer on behalf of MHHA—purportedly a Virgin Islands corporation—filed by its Board President, a nonlawyer, should have been stricken. (Dkt. No. 5 at 3.) It has long been recognized that corporations and other legal entities cannot appear *pro se* in federal court. *See, e.g., Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966); *Beyond Cushions Corp. v. TJX Companies, Inc.*, No. 2:18-cv-10268, 2019 WL 6271621, at *1 (D.N.J. Nov. 25, 2019) (Magistrate Judge granted motion to strike corporation's *pro se* answer to complaint); *see also Enterprise Assets, LLC v. Pinnacle Dev. & Investments, LLC*, No. SX-15-cv-060, 2016 WL 9454120, at * 3 (V.I. Super. March 29, 2016) (cautioning corporate defendant to obtain counsel or all filings made by non-attorney could be stricken). In any event, whether pursuant to a motion for default judgment—in the absence of a response to the Complaint—or a motion for summary judgment, the conclusion reached by the Court herein would be the same.

original Note and is holder of the Mortgage; Butina defaulted under the terms of the Note and Mortgage; Butina was given proper notice of the default and she failed to cure that default; and Plaintiff's predecessor-in-interest properly elected to accelerate the amounts due and owing and foreclose on the Property. *Id.* at 6. In addition, Plaintiff asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 6-8.

Plaintiff also contends that it is entitled to summary judgment against MHHA. Plaintiff asserts that its Mortgage was recorded before the lien recorded by MHHA, which gives its lien first priority on the Property. *Id.* at 9. Plaintiff further contends that the Virgin Islands is a race notice jurisdiction, thereby giving its original April 29, 2010 mortgage lien priority. (Dkt. No. 32 at 9); *see LPP Mortg. Ltd. v. Ferris*, No. 1:2011-cv-94, 2014 WL 2459802, *12 n.7 (D.V.I. June 2, 2014).

In support of the Motion, Plaintiff filed an Affidavit of Indebtedness signed by Adonis Morton ("Morton"), an employee of Plaintiff, who explained how Plaintiff's document management system keeps track of and maintains records of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 32-5 at 1-2). The Affidavit sets forth the amounts due and owing through September 1, 2018: an unpaid principal balance of $101,679.50; interest through September 1, 2018 of $11,184.72; insurance costs of $328.52; property inspection fees of $80.00; accumulated late charges of $476.98; and a Broker Price Opinion fee of $225.00, for a total amount due of $113,974.72. *Id.* at 2-3. Morton asserts that interest accrues on the outstanding debt at the per diem rate of $15.32. *Id.* at 4.

In addition, Plaintiff's counsel submitted an affidavit asserting that she investigated whether Butina was in the military service by conducting a search on the Department of Defense

4

Manpower Data Center website and found no information that Butina has ever been an active duty servicemember. (Dkt. Nos. 32-7 at ¶ 5; 15-8). Counsel also averred that she had no information that Butina was a minor or incompetent person. (Dkt. No. 15-7 at ¶ 6).

## II.   APPLICABLE LEGAL PRINCIPLES

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Brouillard v. DLJ Mortg. Capital, Inc*., 63 V.I. 788, 793 (2015); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### A.   Default Judgment

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, No. 1:2017-cv-016, 2019 WL 2656128, at 3 (D.V.I. June 27, 2019) (quoting *Flagstar Bank, FSB v. Rivers,* No. 1:2012-093, 2014 WL 1101859, at *3 (D.V.I. Mar. 18, 2014); FED. R. CIV. P. 55(b). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017); *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); FED. R. CIV. P. 8(b)(6). "Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court." *Bank of Nova Scotia v. Robinson*, No. 1:2016-cv-019, 2018 WL 1513269, at *3 (D.V.I. March 27, 2018) (citing *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.,* 189 F.3d 242, 244 (3d Cir. 1951)).

**B.     Summary Judgment**

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Stone v. Troy Construction, LLC*, 935 F.3d 141, 147 n.6 (3d Cir. 2019). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Goldenstein v. Repossessors, Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal quotation marks omitted; alteration in original)); see also FED. R. CIV. P. 56(c).

In reviewing a summary judgment motion, the court is required to view all facts "in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's

favor." *Curto v. A Country Place Condominium Ass'n, Inc.*, 921 F.3d 405, 409 (3d Cir. 2019) (citations omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the factfinder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017). This does not mean, however, "that a moving party is automatically entitled to summary judgment if the opposing party does not respond." Rather, "[i]f the adverse party does not [] respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (internal quotations and citations omitted) (emphasis added).

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment." *Flagstar Bank, FSB v. Lyles*, No. 1:2014-cv-105, 2017 WL 987448, at *3 (D.V.I. Mar. 14, 2017) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994) (internal citations and quotations omitted)).

### III.   DISCUSSION

The factual allegations of the Complaint, as supported by the accompanying documents, set out all the necessary elements to entitle Plaintiff to a default judgment against Defendant Butina. Plaintiff has adequately alleged that: (1) Butina executed a Promissory Note and Mortgage with Plaintiff's predecessor-in-interest; (2) Butina is in default under the terms of the Note and Mortgage; and (3) the Note and Mortgage were properly transferred to Plaintiff, who possesses the same and is therefore authorized to enforce the Note and Mortgage. *Brouillard*, 63 V.I. at 793.

In addition, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendant Butina. It has properly shown that: (1) default was entered against Butina by the Clerk of Court (Dkt. No. 29); (2) Butina has not appeared; (3) Butina is neither an infant nor incompetent person (Dkt. No. 32-7 at ¶¶ 4, 6); and (4) Butina was validly served with process by publication. (Dkt. Nos. 27-28). In addition, Plaintiff established that it investigated and found no information indicating that Butina was in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 32-7).

Plaintiff also has shown with specificity how it calculated the amount of the judgment. (Dkt. No. 32-5). The Declaration of Indebtedness and exhibits attached thereto supports the damages Plaintiff seeks, including unpaid principal of $101,679.50; accrued unpaid interest between October 1, 2015 to September 1, 2018 totaling $11,184.72; late charges through June 8, 2017 of $476.98; property inspection fees of $80.00; advances for insurance totaling $328.52; and a Broker Price Opinion fee of $225.00, for a total indebtedness of $113,974.72 as of September 1, 2018, with interest accruing at $15.32 per diem thereafter until the date of judgment. (Dkt. No. 32-5).

The Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from Defendant's breach of her contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendant's default was a result of her culpable conduct as evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable

conduct where defendants failed to answer complaint). Consequently, entry of default judgment against Defendant Rebecca Robin Butina is appropriate.

Plaintiff also seeks summary judgment against MHHA as a junior lienholder against the subject property. (Dkt. No. 32 at 9-10). While Plaintiff acknowledges that MHHA has filed a lien against the property in issue, Plaintiff argues that there is no factual dispute that its mortgage lien—filed in April 2010—has priority over MHHA's lien, which was recorded in January 2017. *Id.* at 9. Under Virgin Islands law, when there are competing liens filed against real property, "the interest of the party who first records [their] interest will prevail." *LPP Mortg. Ltd. v. Ferris*, 2014 WL 2459802, at *12 n.7; *see also Flagstar Bank, FSB v. Walcott*, No. 1-2018-cv-037, 2021 WL 817887, at *5 (D.V.I. Mar. 3, 2021) (acknowledging that the Virgin Islands is a "race notice" jurisdiction and that an earlier recorded instrument takes priority over a later filed lien).

Defendant MHHA has not filed a response to Plaintiff's Motion for Summary Judgment (Dkt. No. 32), and thus has failed to raise a genuine issue of fact as to the priority of Plaintiff's lien. Accordingly, Plaintiff's Motion for Summary Judgment will be granted and MHHA's lien will be foreclosed.

## IV.   CONCLUSION

Plaintiff has satisfied the requirements necessary for entry of a default judgment against Rebecca Robin Butina and the Court will grant Plaintiff's Motion for Default Judgment against her on the debt and foreclosure causes of action in the Complaint. Similarly, Defendant MHHA has failed to establish any genuine issue of material fact disputing Plaintiff's claim to having a first-priority lien against the property in dispute. Accordingly, the Court will grant Plaintiff's Motion for Summary Judgment against MHHA. (Dkt. No. 32).

In view of the foregoing, the Court will award Plaintiff judgment against Rebecca Robin Butina for the an unpaid principal balance of $101,679.50; accrued unpaid interest from October 1, 2015 to September 1, 2018 of $11,184.72; late charges through June 8, 2017 of $476.98; property inspection fees of $80.00; advances for insurance totaling $328.52; and a Broker Price Opinion fee of $225.00, for a total indebtedness of $113,974.72 as of September 1, 2018, plus accrued interest through February 22, 2022 totaling $19,456.40, for a total judgment of $133,431.12.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: February 22, 2022                              _____/s/_____
                                                     WILMA A. LEWIS
                                                     District Judge